United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAHAJ ALMERHEJ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-384 |
| | § | |
| FIELD OFFICE DIRECTOR, *et al.,* | § | |
| | § | |
| Respondents. | § | |
| | § | |

## **ORDER**

Petitioner Rahaf Almerhej is currently detained by United States Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner alleges that Respondents have "effectively prevented [her] access to necessary specialist medical care" and that she is at imminent risk of permanent blindness absent that care. (Am. Pet., Doc. 7, 1)  In her filings, Petitioner argues that her ongoing detention violates the Due Process Clause of the Fifth Amendment, and she also challenges the conditions of her confinement, requesting that the Court issue injunctive relief to require her release or additional medical care.

Respondents move to dismiss Petitioner's claims, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), and that she fails to present a viable claim under the Due Process Clause of the Fifth Amendment regarding her ongoing detention under 8 U.S.C. § 1225. (Mot. to Dismiss, Doc. 24)  In addition, Respondents contend that Petitioner cannot pursue remedies related to the conditions of her confinement through this habeas action.

The Court agrees that Petitioner fails to present a viable claim under the Due Process Clause.  Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g., Zuniga v. Lyons,* No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem,* No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex.

Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

The Court also concludes that Petitioner fails to state a proper claim for relief as to the conditions of her confinement, including the medical care that Respondents have provided or failed to provide.  The "sole function" of a habeas petition is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "[A]llegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (per curiam) (unpubl.) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987)). "Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).  District courts have applied these principles to deny a habeas petition challenging alleged inadequate conditions of incarceration. *See, e.g., Sarres Mendoza v. Barr*, No. CV H-18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("[C]onditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action"); *Sacal-*

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions

2 / 3

*Micha v. Longoria*, 449 F. Supp. 3d 656 (S.D. Tex. 2020) (concluding that a habeas action proved improper to challenge conditions of confinement).

Here, the parties vigorously dispute the adequacy of the medical care that Respondents have provided Petitioner.  But while the factual circumstances regarding medical care are disputed, the law remains clear that detained individuals cannot utilize a habeas action to seek relief as to the conditions of confinement.  As a result, Petitioner's claims based on alleged inadequate medical care that Respondents have provided fail.

For these reasons, it is:

**ORDERED** that Respondents' Motion to Dismiss for Failure to State a Claim (Doc. 24) is **GRANTED**; and

**ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED**.

It is also ordered that all other pending motions are denied as moot.

The Clerk of Court is directed to close this case.

Signed on May 14, 2026.

Fernando Rodriguez, Jr.
United States District Judge